UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PHILIP GALL,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>　　　　　　　Defendant. | CASE NO. ED CV 12-01019 RZ<br><br>MEMORANDUM OPINION<br>AND ORDER |

　　　　Plaintiff previously was held to be not disabled, a decision that establishes a presumption of continuing non-disability. *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988). Plaintiff has not rebutted that presumption. He claims here that the Administrative Law Judge wrongly found that he could perform his past relevant work as a truck driver helper, because the description of that job in the Labor Department's DICTIONARY OF OCCUPATIONAL TITLES requires extensive public work, hypervigilance and fast-paced work, all of which are precluded by his adjudicated residual functional capacity. The Court disagrees.

　　　　The short answer to Plaintiff's claim is that past relevant work encompasses either work as it is performed generally (that which, for example, is described in the DICTIONARY), or as it was performed in the specific job that Plaintiff occupied. *Pinto v. Massanari*, 249 F.3d 940, 845 (9th Cir. 2001). Plaintiff's description of his actual job did

not indicate any of these tasks that he now identifies as problems. Rather, he described the job as "loading and unloading packages into trucks," and in that capacity he lifted heavy packages, and wrote reports, but was not a lead worker and did not supervise other people. [AR 139-40] Any supposed inconsistency between his RFC and the DICTIONARY therefore is beside the point.

Even considering the occupation as generally performed, however, the Court does not see the inconsistency Plaintiff asserts. Delivering merchandise to customers and obtaining receipts is not "extensive public work;" indeed, a person who *assists* a truck driver no doubt spends far more time in loading than in interaction with the public. Plaintiff misconstrues the term "hypervigilance" to mean due care; there is nothing about the job description that requires a vigilance that is extreme. Nor is there anything in the description that requires fast-paced work. No doubt this is why the vocational expert, asked by the Administrative Law Judge to indicate any variance from the DICTIONARY [AR 39], did not do so.

The decision of the Commissioner is affirmed.

DATED: April 8, 2013

　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　RALPH ZAREFSKY
　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE